OLSON and wife, Appellants, v. HARNACK, Respondent.

*April 4—May 3, 1960.*

For the appellants there was a brief by *J. Arthur Moran* and *R. G. Richardson, Jr.,* both of Delavan, and oral argument by *Mr. Richardson.*

For the respondent there was a brief by *Albert H. Gill* of Evansville, and *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Mr. Gill.*

FAIRCHILD, J. Paragraph 1 of the agreement preserved "all rights, causes of action, and defenses" the parties had prior to the making of the agreement. Plaintiffs claimed they had a cause of action for misrepresentation of the acreage. By paragraph 2, plaintiffs assumed the burden of commencing whatever proceedings were appropriate to put the issues between the parties in litigation. The fund would remain in escrow until the litigation was terminated. The phrase "issues involved therein" in paragraph 2 must have

referred to the issues involved in the "rights, causes of action, and defenses" mentioned in paragraph 1.

Defendant claims that the agreement imposed upon plaintiffs' cause of action a period of limitations shorter than would otherwise be applicable. She relies upon a statement in *Lundberg v. Interstate Business Men's Accident Asso.* (1916), 162 Wis. 474, 481, 156 N. W. 482, stating:

> "This court in common with many others has held that it is competent for parties to bind themselves by contract to a shorter period of limitation than that provided for by statute."

Plaintiffs do not dispute the principle just quoted, but rely upon the principle that "whenever reasonably possible, a construction against a forfeiture will be adopted." 17 C. J. S., Contracts, p. 742, sec. 320. Plaintiffs say that all they lost as a result of their failure to commence proceedings within sixty days was their right to have the fund retained in escrow *pendente lite;* that they are not barred from seeking a judgment against defendant in a new action.

Plaintiffs' proposed construction would give virtually no effect to paragraph 2 except to explain the reference to "said sixty-day period" in paragraph 3. Plaintiffs would construe paragraphs 2 and 3 together as granting them an option, the commencement of proceedings within sixty days being a condition precedent upon the fulfilment of which plaintiffs would be entitled to have the fund held in escrow until the litigation be terminated. Yet paragraph 2 is an unconditional promise by plaintiffs to commence proceedings within sixty days. In our opinion, plaintiffs are asking for judicial modification of the agreement rather than a choice between reasonable constructions.

There is no claim that the sixty-day period was an unreasonably short time within which to commence an action. See 34 Am. Jur., Limitation of Actions, p. 61, sec. 67.

The circuit court properly overruled plaintiffs' demurrer to the answer. Since, upon defendant's motion for summary judgment, plaintiffs made no claim that there were issues of fact, the motion was properly granted.

*By the Court.*—Order and judgment affirmed.